Calvin MILLER, Jr., Plaintiff–
Appellant,

v.

ALADDIN TEMP–RITE, LLC,
Defendant–Appellee.

Tim Altizer, et al., Defendants.

No. 03–5177.

United States Court of Appeals,
Sixth Circuit.

Aug. 8, 2003.

Before NORRIS, BATCHELDER, and ROGERS, Circuit Judges.

## ORDER

Calvin Miller, Jr., a Tennessee resident proceeding pro se, appeals the district court order granting summary judgment to the defendants in this employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his administrative remedies, Miller sued Aladdin Temp–Rite, LLC (Aladdin), and Aladdin employees Tim Altizer, Phil Scruggs, and Nelson Stallworth, Jr. Miller, an African–American, alleged that the defendants discriminated against him on the basis of his race when they failed to hire him as an unskilled laborer. The individual defendants moved to dismiss for failure to state a claim, and the district court granted the motion. After a period of discovery, Aladdin and Miller both moved for summary judgment. Aladdin argued that it did not hire Miller because he was not qualified and because of a company policy against hiring relatives of employees. The district court awarded summary judgment to Aladdin. The court concluded that Miller presented no proof that Aladdin treated anyone outside of his protected class more favorably than Miller.

On appeal, Miller argues that: (1) an Aladdin supervisor refused to hire him in order to retaliate against Miller's mother; and (2) Aladdin hired a white employee who had a relative working for the company.

Initially, we note that Miller does not argue that the district court erred by dismissing his claims against the individual defendants. Accordingly, he has waived those claims. *See Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

This court reviews an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Aladdin. Miller applied for a position as an unskilled laborer in August 2001. He took a drug screening test, and, according to Miller, Stallworth told him to report to work the Monday after Labor Day. When Miller arrived at Aladdin on that date, he was told he was not on the list of employees. Miller stated that a

supervisor told him he was not hired because Miller's parents worked for Aladdin and Aladdin had a policy of not hiring relatives of employees. Marilyn Bolin, Aladdin's director of human resources, swore in an affidavit that Miller was not hired because his employment history indicated that he was fired from a job after a very brief period. Bolin also stated that Aladdin tried to avoid hiring relatives of employees, and hired five black applicants into the position that Miller applied for between August 6, 2001, and September 13, 2001. Aladdin's records showed that no whites were hired during this period.

■ There was no genuine issue as to any material fact, so Aladdin was entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c). A black claimant may prove a prima facie case of racial discrimination by showing that: "(1) he is a member of a protected class; (2) he was qualified for the job; (3) he suffered an adverse employment decision; and (4) he was treated differently than similarly situated whites." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1166 (6th Cir.1996) (citations omitted), *amended on denial of reh'g by* 97 F.3d 833 (6th Cir.1996). Even assuming Miller could meet the first three requirements, he presented no evidence that he was treated differently than similarly situated whites. Aladdin's records showed that, in the period near the time Miller applied for a position, the company hired five blacks and no whites. Although Miller alleged that Aladdin hired a white man with relatives working for the company, Miller did not identify the individual or his relatives or indicate when he was hired. Faced with Aladdin's well-supported motion, Miller offered only conclusory allegations in response. Conclusory allegations are not evidence and are not adequate to oppose a motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S.

871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir.1999). Accordingly, Aladdin was entitled to a judgment as a matter of law.

We have considered Miller's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.